**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JENNAE TROPEA, individually and on behalf of all
others similarly situated,

                          Plaintiff,

       v.

VITAL CONTINGENT PLANNING LLC; and ATIF
CHAUHDRY,

                          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Case No.: 1:26-cv-01579 (JGK)(HJR)

**<u>JURY TRIAL DEMANDED</u>**

## <u>FIRST AMENDED COMPLAINT</u>

Plaintiff JENNAE TROPEA ("Plaintiff"), on behalf of herself and all others similarly

situated, by and through her attorneys, VALLI KANE & VAGNINI LLP brings this action for

damages and other legal and equitable relief against Defendant VITAL CONTINGENT

PLANNING LLC ("VCP") and ATIF CHAUHDRY ("Chauhdry") (collectively, "Defendants")

for violations of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §§ 201 *et seq.*;

the New York Labor Law ("NYLL"); the New York Codes, Rules and Regulations ("NYCRR");

and any other cause(s) of action that can be inferred from the facts set forth herein.

## <u>INTRODUCTION</u>

1. This is a putative collective and class action brought by Plaintiff challenging acts

committed by Defendants against Plaintiff and those similarly situated, which amount to violations

of federal and state wage and hour laws.

2. Defendant VCP is a staffing agency that employs Plaintiff and those similarly

situated as registered nurses to staff at hospitals/other medical facilities. Defendant Chauhdry is

the Chief Executive Officer of Defendant VCP.

3.      Beginning in or around December 1, 2025, Defendants employed Plaintiff and all those similarly situated (collectively, with Plaintiff the "RNs") within New York to temporarily replace nurses at hospitals/other medical facilities during the 2026 nurses' strike ("Nurses' Strike"). By "shaving" the RN's reported hours on their paystubs, Defendants did not pay the RNs for all overtime hours worked. Defendants also did not compensate the RNs at their promised hourly rate or reimburse them for their travel expenses as promised.

4.      Accordingly, pursuant to 29 U.S.C. § 216(b), Plaintiff brings this action on behalf of herself and a collective of persons who are and were employed by Defendants as a Registered Nurse at Mount Sinai Health System within the State of New York from December 1, 2025, through the final date of the disposition of this action who were not paid the statutorily required rate of one and a half times their hourly rate for all hours worked in excess of 40 per week and are entitled to recover: (i) unpaid overtime wages; (ii) liquidated damages; (iii) attorneys' fees and costs; and (iv) such other and further relief as this Court finds necessary and proper.

5.      Plaintiff additionally brings this action pursuant to Fed. R. Civ. P. 23, on behalf of herself and a class of persons employed as Registered Nurses by Defendants at Mount Sinai Health System within the State of New York from December 1, 2025, through the final date of the disposition of this action who were: (i) not paid the statutorily required rate of one and a half times their hourly rate for all hours worked in excess of 40 per week; and/or (ii) not paid all of their promised earned and due wages on their regularly scheduled paydays/had their wages unlawfully deducted, which violates the NYLL and the NYCRR and are entitled to recover: (i) unpaid overtime wages; (ii) unpaid and incorrectly paid wages; (iii) liquidated damages; (iv) interest; (v) attorneys' fees and costs; and (vi) such other and further relief as this Court finds necessary and proper.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States.

7.      Venue is proper in this Court pursuant to 29 U.S.C. §§ 201 *et seq.*, in as much as this judicial district lies in a State in which the unlawful employment practices occurred. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (c), in that Defendants maintains facilities, conducts business, and resides in this district.

8.      The Court's supplemental jurisdiction is invoked to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

## THE PARTIES

9.      Plaintiff resides in the state of Pennsylvania.

10.     At all relevant times, Plaintiff was an "employee" within the meaning of the FLSA, the NYLL, and the NYCRR.

11.     Upon information and belief, Defendant VCP is a privately owned corporation organized under the laws of the State of New Jersey and has its corporate headquarters located in New Brunswick, New Jersey.

12.     Defendant VCP transacted and continues to transact business in New York and within New York County by employing Plaintiff and all those similarly situated as registered nurses.

13.     Defendant VCP has at all relevant times been an "employer" covered by the FLSA, the NYLL, and the NYCRR.

14.     Upon information and belief, the amount of qualifying annual volume of business for Defendant VCP exceeds $500,000.00.

15.     Defendant VCP is engaged in interstate commerce as it staffs RNs who reside outside of New York State at hospitals within New York State.

16.     Thus, Defendant VCP is subject to the FLSA.

17.     Defendant Chauhdry is the Chief Executive Office of Defendant VCP.

18.     Defendant Chauhdry has at all relevant times been an "employer" covered by the FLSA, the NYLL, and the NYCRR.

19.     Defendant Chauhdry had the power to hire and fire the RNs.

20.     Defendant Chauhdry had the power to set the RNs' pay rate and pay basis.

21.     Defendant Chauhdry maintained the RNs' employment records such as pay and hiring records.

22.     Defendant Chauhdry had the power to control the terms and conditions of the RNs' employment.

23.     Defendant Chauhdry hired Plaintiff.

24.     Defendant Chauhdry set Plaintiff' rate of pay and pay basis with Defendant VCP.

25.     Defendant Chauhdry maintained Plaintiff's employment records, including her employment agreement, term letters, and payroll records.

26.     Defendant Chauhdry sent Plaintiff her employment agreement and term letters via DocuSign.

27.     Defendant Chauhdry executed Plaintiff's employment agreement and term letters via DocuSign.

28.      Defendant Chauhdry emailed the RNs on January 13, 2025, stating that they were

to start earlier and that Defendant VCP will compensate them for travel time. He further stated that "We can fine tune the times tomorrow morning after the AM shift change, but to make a big change in the afternoon or later is a challenge for the bus company. VCP will be in touch first thing in the morning to make time changes for the afternoon. This is the plan beginning tomorrow with our plan to make improvements."

29.    Defendant Chauhdry required Plaintiff to complete an orientation survey.

30.    Defendant Chauhdry instructed the RNs when to departure for bus transportation to the hospital.

31.    On January 14, 2026, Defendant Chauhdry emailed Plaintiff to instruct her that her bus transportation to the hospital was departing at 4:40 PM.

32.    Defendant Chauhdry reviewed and responded to payroll complaints made by Plaintiff and the RNs.

33.    Defendant Chauhdry instructed the RNs on the ending of their employment and the transportation home provided by VCP.

34.    Defendant Chauhdry sent the RNs their timesheets to review and sign.

35.    Defendants jointly employed Plaintiff and those similarly situated by employing or acting in the interest of employer towards Plaintiff and those similarly situated directly or indirectly, jointly or severally, including without limitation, by controlling and directing the terms of employment and compensation and by suffering all those similarly situated employees to work.

36.    At all relevant times, Defendants had knowledge that failing to pay the RNs overtime for all hours worked in excess of 40 per week violates the FLSA, the NYLL, and the NYCRR. Defendants have this knowledge as they did pay the RNs an overtime rate for some overtime hours worked.

**STATEMENT OF FACTS**

37.     Defendant VCP is a staffing agency that employs RNs to staff at medical facilities such as hospitals.

38.     In January 2026, nurses in New York underwent a strike. Defendants employed the RNs during this time to temporarily replace the striking nurses at Mount Sinai.

39.     On or around December 29, 2025, Plaintiff began her employment for Defendants and was staffed at Mount Sinai's main hospital in Manhattan, New York. Plaintiff remained employed by Defendants until on or around February 13, 2026.

40.     Throughout the relevant time period, Defendants promised the RNs a certain hourly rate of pay and reimbursement, *per diem* pay, and reimbursement of travel expenses.

41.     Throughout the relevant time period, Defendants, however, paid the RNs a lower hourly rate than what was promised to them or nothing at all.

42.     Defendants also did not pay all promised *per diem* pay or travel reimbursement. The *per diem* pay and travel reimbursement were wages as defined by the NYLL.

43.     For example, Defendants promised Plaintiff $153.00 per hour worked and then later $155.00 per hour. Defendants, however, only paid her an hourly rate of $104.00 per hour worked and later $122.00 per hour.

44.     Defendants also did not compensate Plaintiff all of her *per diem* pay or her travel reimbursement pay.

45.     Defendants' failure to pay the RNs their promised wages violated NYLL § 193.

46.     Defendants' violation of NYLL § 193 was willful as they had knowledge of the requirement to pay employees what is promised for work that is performed.

47.     In addition to paying the RNs less than what was promised, throughout the relevant

6

time period, Defendants "shaved" time off the RNs reported time resulting in them being paid for less hours than then actually worked, including overtime hours, in violation of the FLSA, the NYLL, and the NYCRR.

48.    For example, during the workweek of January 11, 2026, Plaintiff worked 100.75 hours, which included 60.75 overtime. Plaintiff reported these hours worked to Defendants.

49.    Defendants paid Plaintiff only for 85.25 hours for the workweek of January 11, 2026, which included 45.25 hours of overtime pay. Therefore, Defendants shaved 14.75 hours off of Plaintiff's pay resulting in her being deprived of 14.75 of overtime pay.

50.    The RNs were paid on an hourly basis and not on a salary or fee basis.

51.    The RNs are not exempt from the overtime provisions of the FLSA, the NYLL, and the NYCRR.

52.    Defendants had knowledge of the FLSA's, the NYLL's, and the NYCRR's requirement to pay the RNs their overtime rate for all overtime hours worked. Defendants have this knowledge as they compensated the RNs an overtime premium for some overtime hours worked.

53.    Defendants' violations of the FLSA, the NYLL, and NYCRR were willful.

54.    For example, on February 1, 2026, Plaintiff complained to Defendants that she was missing compensation for hours worked and that her pay rate was incorrect. Defendants, however, continued incorrectly paying Plaintiff.

### FLSA COLLECTIVE ACTION ALLEGATIONS

55.    Plaintiff seeks to bring this suit as a collective action pursuant to 29 U.S.C. § 216(b) on her own behalf as well as those in the following Collective:

> All Registered Nurses employed by Defendants who were staffed at Mount Sinai Health System within the State of New York from

December 1, 2025, through the final date of disposition of this action, who are or were required to work in excess of 40 hours per week without compensation at the statutorily required rate of one and a half times their hourly rate for all hours worked in excess of 40 per week.

56.    At all relevant times, Plaintiff was similarly situated to all such individuals in the FLSA Collective[1] because, while employed by Defendants, Plaintiff and all FLSA Plaintiffs performed similar tasks, were subject to the same laws and regulations, were paid in the same or substantially similar manner, were paid the same or similar rate, were required to work in excess of 40 hours per week and were subject to Defendants' policies and practices of willfully failing to pay them at the statutorily required rate of one and a half times their hourly rate for all hours worked in excess of 40 per week.

57.    Defendants were and have been aware of the requirement to pay Plaintiff and the FLSA Plaintiffs at a rate of one and a half times their hourly rate for all hours worked in excess of forty 40 per week, yet willfully choose not to.

58.    The FLSA Plaintiffs, are readily discernable and ascertainable. All FLSA Plaintiffs' contact information is readily available in Defendants' records. Notice of this collective action can be made as soon as the Court determines it appropriate to do so.

59.    The number of FLSA Plaintiffs in the collective are too numerous to join in a single action, necessitating collective recognition.

60.    All questions relating to Defendants' violation of the FLSA share a common factual basis as set forth herein. No claims under the FLSA relating to Defendants' failure to pay statutorily required rate of one and a half times the FLSA Plaintiffs' hourly rate for all hours worked in excess of 40 per week are specific to Plaintiff and the claims asserted by Plaintiff are

---

[1] Hereinafter referred to as the "FLSA Plaintiffs."

typical of those of members of the FLSA Collective.

61.    Plaintiff will fairly and adequately represent the interests of the FLSA Collective and has no interests conflicting with the FLSA Collective.

62.    A collective action is superior to all other methods and is necessary in order to fairly and completely litigate violations of the FLSA.

63.    Plaintiff's attorneys are familiar and have experience with collective and class action litigation, as well as employment and labor law litigation.

64.    The public will benefit from the case being brought as a collective action because doing so will serve the interests of judicial economy by reducing a multitude of claims to a single litigation. Prosecution of separate actions by individual FLSA Plaintiffs creates a risk for varying results based on identical fact patterns as well as disposition of the collective's interests without their knowledge or contribution.

65.    The questions of law and fact are nearly identical for all FLSA Plaintiffs and therefore proceeding as a collective action is ideal. Without judicial resolution of the claims asserted on behalf of the proposed collective, Defendants' continued violations of the FLSA will undoubtedly continue.

## FED. R. CIV. P. 23 CLASS ACTION ALLEGATIONS

66.    Plaintiff seeks to maintain this action as a class action pursuant to FED. R. CIV. P. 23, on behalf of those who, during the previous six (6) years, were subjected to violations of the NYLL and the NYCRR.

67.    The Class which Plaintiff seeks to define includes:

> All Registered Nurses employed by Defendants in New York from December 1, 2025, through the final date of disposition of this action, who are or were: (i) not paid the statutorily required rate of one and a half times their hourly rate for all hours worked in excess

9

of 40 per week; and/or (ii) not paid all of their earned and due wages on their regularly scheduled paydays/had their wages unlawfully deducted.

68.     The number of class members protected by the NYLL and the NYCRR who have suffered under Defendants' violations of the NYLL and the NYCRR as set forth herein, are in excess of 40 and thus are too numerous to join in a single action, necessitating class recognition.

69.     All questions relating to the Class's allegations under the NYLL and the NYCRR share a common factual basis with those raised by the claims of Plaintiff. No claims asserted herein under the NYLL and the NYCRR are specific to Plaintiff or any proposed Class member and the claims of Plaintiff are typical of those asserted by the proposed Class.

70.     Plaintiff will fairly and adequately represent the interests of all members of the proposed Class.

71.     A class action is superior to all other methods of adjudication and is necessary in order to fairly and completely litigate the Class's allegations that Defendants violated the NYLL and the NYCRR.

72.     The class members of the proposed Class are readily discernable and ascertainable. Contact information for all members of the proposed Class[2] is readily available from Defendants since such information is likely to be contained in their personnel files. Notice of this class action can be provided by any means permissible under the FED. R. CIV. P. 23 requirements.

73.     Plaintiff asserts these claims on her own behalf as well as on behalf of the Rule 23 Plaintiffs through her attorneys who are experienced in class action litigation as well as employment litigation.

74.     Plaintiff is able to fairly represent and properly protect the interests of the absent

---

[2] Hereinafter referred to as the "Rule 23 Plaintiffs."

members of the proposed Class and has no interests conflicting with those of the Class.

75. The public will benefit from this case being brought as a class action because it serves the interests of judicial economy by saving the Court's time and effort and by reducing a multitude of claims to a single litigation. Prosecution of separate actions by individual Rule 23 Plaintiffs creates a risk of varying results based on identical fact patterns as well as disposition of the classes' interests without their knowledge or contribution.

76. Because of the nature of wage and hour claims brought during the course of employment, class members are often fearful of filing claims against their employers and would benefit from Plaintiff's willingness to proceed against Defendants. The anonymity inherent in a class action suit further provides insulation against retaliation and/or undue stress and fear for the Rule 23 Plaintiffs' jobs and continued employment.

77. The questions of law and fact that are nearly identical for all class members make proceeding as class action ideal. Without judicial resolution of the claims asserted on behalf of the proposed Class, continued violations of the NYLL and the NYCRR will undoubtedly continue.

78. Whether Plaintiff and the Rule 23 Plaintiffs were: (i) paid the statutorily required rate of one and a half times their hourly rate for all hours worked in excess of 40 per week; and/or (ii) paid all of their promised earned and due wages are common questions which can readily be resolved through the class action process.

## CAUSES OF ACTION

### AS AND FOR A FIRST CAUSE OF ACTION FOR A VIOLATION OF
**The Fair Labor Standards Act, 29 U.S.C. § 207, Made by Plaintiff on Behalf of
All FLSA Plaintiffs
(Failure to Pay Overtime)**

79. Plaintiff and the FLSA Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

11

80.     Throughout the period covered by the applicable statute of limitations, Plaintiff and other FLSA Plaintiffs were required to work and did in fact work in excess of 40 hours per week.

81.     Throughout the period covered by the applicable statute of limitations, Defendants knowingly failed to pay Plaintiff and the FLSA Plaintiffs the statutorily required overtime rate for all hours worked in excess of 40 per week.

82.     Defendants' conduct was willful and lasted for the duration of the relevant time period.

83.     Defendants' conduct was in violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

## <u>AS AND FOR A SECOND CAUSE OF ACTION FOR A VIOLATION OF</u>
### The New York Labor Law and the New York Codes, Rules, and Regulations § 142-1.4
### Made by Plaintiff on Behalf of Rule 23 Plaintiffs
### (Failure to Pay Overtime)

84.     Plaintiff and the Rule 23 Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

85.     Throughout the period covered by the applicable statute of limitations, Plaintiff and other Rule 23 Plaintiffs were required to work and did in fact work in excess of 40 hours per week.

86.     Throughout the period covered by the applicable statute of limitations, Defendants knowingly failed to pay Plaintiff and the Rule 23 Plaintiffs the statutorily required overtime rate for all hours worked in excess of 40 per week.

87.     Defendants' conduct was willful and lasted for the duration of the relevant time period.

88.     Defendants' conduct was in violation of the New York Labor Law and the New York Codes, Rules, and Regulations § 146-1.4.

12

## AS AND FOR A THIRD CAUSE OF ACTION FOR A VIOLATION OF
### The New York Labor Law § 193 Made by Plaintiff on Behalf of
### All Rule 23 Plaintiffs
### (Deduction of Wages)

89.    Plaintiff and the Rule 23 Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

90.    Throughout the period covered by the applicable statute of limitations, Defendants promised Plaintiff and the Rule 23 Plaintiffs' a specific hourly rate, *per diem* pay, and reimbursement of travel expenses.

91.    Throughout the period covered by the applicable statute of limitations, Defendants withheld all/some of Plaintiff's and the Rule 23 Plaintiffs' wages for their worked performed, their *per diem* pay, and their reimbursement of travel expenses.

92.    Throughout the period covered by the applicable statute of limitations, Defendants unlawfully deducted Plaintiff's and the Rule 23 Plaintiffs' wages.

93.    Defendants' conduct was willful and lasted for the duration of the relevant time period.

94.    Defendants' conduct was in violation of the New York Labor Law § 193.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and all Collective and Class Plaintiffs demand judgment against Defendants as follows:

A.    At the earliest possible time, Plaintiff should be allowed to give notice of the purported Collective, or the Court should issue such notice, to all members of the purported Collective, defined herein. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages and/or benefits;

13

B.      Designation of Plaintiff as representative of the FLSA Collective defined herein, and Plaintiff's counsel as Collective Counsel;

C.      Designation of Plaintiff as representative of the Fed. R. Civ. P. 23 Class defined herein, and Plaintiff's counsel as Class Counsel;

D.      Certification of this action as a collective action pursuant to 29 U.S.C. § 216(b) for the purposes of the claims brought on behalf of all proposed FLSA Collective members under the FLSA;

E.      Certification of this action as a class action pursuant to Fed. R. Civ. P. 23 for the purposes of the claims brought on behalf of all proposed Class members under the NYLL and the NYCRR;

F.      Preliminary and permanent injunctions against Defendant VCP and its officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

G.      A judgment declaring that the practices complained of herein are unlawful and in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, the New York Labor Law, and the New York Codes, Rules and Regulations;

H.      All damages which Plaintiff and all Collective and Class Plaintiffs have sustained as a result of Defendants' conduct, including: (i) back pay for unpaid overtime wages and unpaid straight time wages and (ii) liquidated damages;

I.      An award to Plaintiff and all Collective and Class Plaintiffs of pre-judgment interest at the highest-level rate, from and after the date of service of the initial complaint in this action on all unpaid wages from the date such wages were earned and due;

14

J.　　An award to Plaintiff and all Collective and Class Plaintiffs representing Defendants' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

K.　　An award to Plaintiff and all Collective and Class Plaintiffs for the amount of unpaid wages, including interest thereon, liquidated damages subject to proof;

L.　　Awarding Plaintiff and all Collective and Class Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs;

M.　　Pre-judgment and post-judgment interest, as provided by law; and

N.　　Granting Plaintiff and all Collective and Class Plaintiffs other and further relief as this Court finds necessary and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this complaint.

Dated:　　June 5, 2026
　　　　　Garden City, New York

Respectfully submitted,

/s/ *Alexander M. White*
Alexander M. White, Esq.
awhite@vkvlawyers.com
Robert R. Barravecchio, Esq.
rrb@vkv.law
**Valli Kane & Vagnini LLP**
600 Old Country Road, Suite 519
Garden City, New York 11530
T: (516) 203-7180
F: (516) 706-0248

*Attorneys for Plaintiff*

15

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2026, a true and correct copy of the foregoing document was served on all counsel of record via ECF.

Dated: June 5, 2026

/s/ *Alexander M. White*
Alexander M. White